# Birmingham Railway, Light & Power Co. v. Bruce.

*Damages for Maintaining Nuisance.*

(Decided Jan. 18, 1912. Rehearing denied Feb. 18, 1912.
57 South. 1011.)

*Nuisance; Temporary Nuisance; Damages.*—A nuisance caused by the operation of machinery in a power plant, producing disagreeable noises and vibration, injuring the adjoining property, and causing the occupant personal discomfort is not necessarily a permanent nuisance, but is subject to abatement by the stopping of the machinery; and where, at the time of the trial of an action for a nuisance the machinery had been stopped, the damages recoverable are not measured by the difference between the value of the property before the nuisance was started, and its value afterwards.

[Birmingham Railway, Light & Power Co., v. Bruce.]

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Mrs. M. M. Bruce, against the Birmingham Railway, Light & Power Company for damages for creating and maintaining a nuisance. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The oral charge of the court excepted to was: (1) "Then the measure of recovery as to the property would be the difference in the value of the property before the creation and maintenance of the alleged nuisance and its value after that." (2) "Yes; the reasonable market value of the property before the alleged nuisance and afterwards."

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATER, for appellant. The court erred in its oral charge as to the measure of recovery.—*Sloss-S. S. & I. Co. v. Mitchell,* 161 Ala. 278, and authorities there cited; s. c. 167 Ala. 226. Counsel discuss assignments of error relative to evidence, and in support thereof, cite—*T. C. I. & R. R. Co. v. McMillion,* 49 South. 880; *S. A. L. Ry. Co. v. Brown,* 48 South. 48.

ALLEN & BELL, and W. H. SADLER, Jr., for appellee. The nuisance was permanent and plaintiff had the right to recover her entire damages, past, present and prospective.—*Montgomery v. Dennis,* 137 Ala. 649. The court properly charged as to the measure of recovery.—*H. A. & R. R. Co. v. Matthews,* 99 Ala. 24; *Mobile, etc. Ry. Co. v. Dennis,* 137 Ala. 657; *Nashville v. Comer,* 88 Tenn. 415; 3 Sedgw. on Dam. 466; 29 Cyc. 1154; 17 Am. Rep. 476; 35 Wis. 635.

WALKER, P. J.—The principal basis of the plaintiff's claim to damages was the operation by the defend-

ant, the appellant here, of a power plant, located on a lot adjoining the plaintiff's residence. The main feature of the nuisance complained of was not the location of the structure, nor the mere presence of the machinery on it, but it was the operation of the machinery, causing disagreeable noises and vibrations, which, it was claimed, injured the plaintiff's property and caused her personal discomfort and suffering. The continuance of the nuisance was dependent upon the continuance of its cause. The main cause was not necessarily a permanent one. So far as the nuisance resulted from the running of the plant, it was in its very nature one that was subject to abatement by stopping the machinery that made the noise; and there was evidence tending to show that at the time of the trial it already had been abated. In such case, the damages recoverable for injury to the plaintiff's property by the nuisance are not measured by the difference between the value of the property before the nuisance was started and its value afterwards. Recent rulings touching this question render further discussion of it unnecessary.—*Sloss-Sheffield Steel & Iron Co. v. Mitchell,* 161 Ala. 278, 49 South. 851; Id., 167 Ala. 226, 52 South. 69. The court was in error in the part of its oral charge excepted to, which stated the measure of recovery for damages to the plaintiff's property.

Reversed and remanded.